# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| KENDRICK G. OBLETON, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 4:07-CV-39 (CDL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ failed to comply with the Appeals Council Remand Order of April 7, 2005?**

II. **Whether the ALJ failed to properly evaluate the Claimant's residual functional capacity?**

III. **Whether the ALJ failed to properly consider the side effects of Claimant's medications?**

IV. **Whether the ALJ improperly evaluated the combined effect of all of Claimant's impairments?**

**Administrative Proceedings**

Claimant filed an application for Supplemental Security Income payments on August 6, 2001. (T-15). Claimant's application was denied initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on June 29, 2003. (T-15, 413-439). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated October 29, 2004. (T-15). Claimant then requested a review of the ALJ's findings by the Appeals Council. On April 7, 2005, under authority of 20 CFR § 416.1477, the Appeals Council vacated the above-referenced unfavorable decision and remanded the case to the ALJ "for consideration of treating and examining source opinions, further evaluation of claimant's subjective complaints, maximum residual functional capacity and for supplemental vocational expert testimony." (T-15). A second hearing was held on April 12, 2006. (T-15, 395-412). In a decision dated July 27, 2006, the ALJ again found that the Claimant was not disabled. (T-13-28). Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-7-9).

**Statement of Facts and Evidence**

After examining the medical records, the ALJ determined that Claimant had degenerative joint disease of the left knee, schizophrenia by history and borderline intellectual functioning; impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-22-23). Thereafter, the ALJ found that Claimant retained the residual functional capacity (RFC) to perform a significant range of light work that could

4

be performed sitting or standing or otherwise permits a change of position, involves performance of simple, routine, repetitive tasks and involves work that induces no more than mild to moderate stress. (T-23). Given this RFC, the ALJ determined that Claimant would not be able to perform any of his past relevant work. (T-26). The ALJ found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled. (T-26-27).

## DISCUSSION

**I.   Did the ALJ fail to comply with the Appeals Council Remand Order of April 7, 2005?**

In his first enumeration of error, Claimant contends that the ALJ failed to comply with the Appeals Council Remand Order of April 7, 2005. (R-7, p. 2-4). Specifically, Claimant argues that after being ordered to do so on remand, the ALJ failed to: 1) explain "the weight given to Exhibits 2F, 5F, 6F or any other medical evidence"; 2) "request the treating and examining source to provide additional evidence and further clarification of the opinions and medical source statements about what the claimant can still do despite the impairment" (T-350); 3) address the side effects of Seroquel, one of Claimant's medications, in both the hearing and his revised findings; and 4) obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Claimant's occupational base (T-351). (R-7, p. 2-4).

Claimant first argues that after being ordered to do so on remand, the ALJ failed to explain "the weight given to Exhibits 2F, 5F, 6F or any other medical evidence." (R-7, p. 2). Exhibit 2F is a neuropsychological report completed by Arthur France, Ph.D., on

December 17, 1982. (T-115-117). Exhibit 5F is a psychological examination performed by Gabriel E. Denes, Ph.D., on October 3, 2001. (T-134-138). Exhibit 6F is a disability evaluation performed by William E. Roundtree, M.D., on October 29, 2001. (T-139-142).

In the remand order, the Appeals Council ordered the ALJ to "[g]ive further consideration to the treating and examining source opinion pursuant to the provisions of 20 CFR § 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence." (T-350). 20 CFR § 416.927 is entitled "Evaluating opinion evidence" and explains how medical opinions are weighed. The stated purpose of Social Security Ruling 96-2p is "[t]o explain terms used in our regulations on evaluating medical opinions concerning when treating source medical opinions are entitled to controlling weight, and to clarify how the policy is applied." SSR 96-2p. However, as evidenced above, the three referenced exhibits pertain to evaluators, not treating sources[2], thus, SSR 96-2p is inapplicable and none of the opinions would have been entitled to controlling weight. Social Security Ruling 96-5p addresses the issue of medical source opinions reserved for the

---

[2] 20 CFR § 404.1502 defines treating source:

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. . . . We will not consider an acceptable medical souce to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a non-treating source.

*See Mastison v. Astrue*, 2008 WL 2038250 (N.D.Fla. 2008) (20 CFR § 404.1502, defining treating source also applies to Supplemental Security Income cases).

commissioner. SSR 96-5p.

The ALJ discussed the psychological evaluations, Exhibits 2F, and 5F, at length in his findings. (T-18-20). While the ALJ may not have specifically stated the weight he was giving to the reports from Drs. France, Denes and Roundtree, it is clear from his report what weight was given to each. The ALJ did give some weight to Dr. France's finding regarding Claimant's ability to learn and comprehend, finding that Claimant could perform simple, routine, repetitive tasks involving work that induced no more than mild to moderate stress. (T-19, 23). The ALJ, however, gave less weight to Dr. France's findings regarding Claimant's mental limitations from 1982, noting that Dr. France indicated that testing would need to be repeated to clarify how much of Claimant's difficulties performing in testing "were due to his recently ingesting a large amount of drugs and the impact of his depression and suicide attempt" (T-19, 117). It is apparent that the ALJ gave greater weight to the 2001 opinion of Dr. Denes, as the ALJ's findings relating to Claimant's mental limitations were nearly identical to those found by Dr. Denes. (T-19, 23). Additionally, the ALJ's determination that Claimant was borderline intellectual functioning and not mentally retarded, indicates that Dr. Denes opinion was given greater weight than that of Dr. France. (T-22, 115, 137). The weight given to the evidence from Drs. France and Denes is apparent from the ALJ's finding, therefore, the ALJ properly followed the Appeals Council's orders on remand that were factually applicable.

As to Exhibit 6F, upon remand the ALJ thoroughly discussed Dr. Roundtree's 2001 assessment regarding Claimant's physical limitations. (T-20). In his RFC finding, the ALJ

found that Claimant could perform a significant range of light work that could be performed sitting or standing or otherwise permitted a change of position. (T-23). Although the ALJ did not use the terms "great weight" or "lesser weight," it is clear that the ALJ gave much weight to Dr. Roundtree's opinion that Claimant would have a lot of pain in the left knee with prolonged standing and prolonged ambulation and modified Claimant's RFC to reflect such. (T-20). The weight given to the evidence from Dr. Roundtree is apparent from the ALJ's finding, therefore, the ALJ properly followed the Appeals Council's orders on remand that were factually applicable.

Claimant also argues that the ALJ failed to comply with the Appeals Council Remand Order where the ALJ failed to request the treating and examining sources to provide additional evidence and further clarification of the opinions and medical source statements about what the claimant can still do despite the impairment from Drs. France, Denes, and Roundtree. (R-7, p. 2). Following the hearing, however, Claimant was reexamined by Dr. Roundtree on July 12, 2005 (T-368-369), and that opinion was also thoroughly discussed by the ALJ in his findings (T-22). It is unclear from the record if any attempt was made to contact Dr. France regarding his 1982 evaluation and Dr. Denes regarding her 2001 evaluation of Claimant. However, the evidence of Claimant's mental impairment was supplemented by the July 5, 2005, evaluation of Sher E. Schwartz, Ph.D. (T-22, 376-381) and discussed by the ALJ. As such, no error is found with regard to Claimant's contention that he failed to procure additional evidence from Claimant's medical sources.

Claimant further argues that the ALJ failed to comply with the remand order by not

obtaining evidence from a vocational expert to clarify the effect of specific physical limitations on Claimant's occupational base and not addressing the side effects of one of Claimant's medications. (R-8, p. 3). Those issues will be addressed in the subsequent enumerations of error.

**II.  Did the ALJ fail to properly evaluate the Claimant's residual functional capacity?**

Claimant next contends that the ALJ failed to properly evaluate his residual functional capacity where he did not "describe the maximum amount of each work-related activity the Claimant could perform, because he did not even consider his inability to climb ramps, stairs, ladders, ropes or scaffolds; his ability to only balance occasionally; or his inability to stoop, crouch, kneel or crawl." (R-8, p. 4). He further contends that the ALJ erred in not having the vocational expert testify as to the effects of his inability to climb, stoop, crouch, kneel or crawl. *Id* at 4.

Social Security Ruling 96-8p, as noted by Claimant, states, in relevant portion, that:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to

9

former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945, Social Security Ruling 96-8p. In making his assessment in this case, the ALJ considered all of Claimant's symptoms, including pain, and the extent to which these symptoms could reasonably be considered consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 416.929, and Social Security Ruling 96-7p. The ALJ also considered medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations. 20 C.F.R. § 416.927 and Social Security Rulings 96-2p and 96-6p. Ultimately, the ALJ determined that Claimant had the residual functional capacity to perform a significant range of light work that could be performed sitting or standing or otherwise permit a change of position, that involves performance of simple, routine, repetitive tasks and that involves little stress. (T-23). After determining that Claimant could not return to his past work, the ALJ obtained the testimony of a vocational expert who found that Claimant could perform jobs such as: a parking lot cashier, a microfilm mounter, and a counter clerk. (T-24). None of the jobs cited require the ability to climb, balance, stoop, crouch, kneel or crawl. *See Dictionary of Occupational Titles* (4th Ed. 1991). Any error resulting from the ALJ's failure to obtain testimony from the VE as to Claimant's abilities in these areas would, therefore, be harmless. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Thus, no error is found as to Claimant's contention that the ALJ failed to properly comply with SSR 96-8p in determining his residual functional capacity.

**III.     Did the ALJ fail to properly consider the side effects of Claimant's medications?**

Next, the Claimant contends that the ALJ failed to properly evaluate the side effects of his medication. (R-8, p.5). Specifically, the Claimant contends that the ALJ was required to make a finding as to the sedative effects of Seroquel, one of his prescribed medications, and that his failure to do so constitutes reversible error pursuant to the holding in *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). The record reveals that the Claimant references only one notation, made on a Psychiatric Evaluation completed by a physician's assistant, John Fullick, P.A.C., which mentions that Claimant experiences "excess sedation" from taking the medication Seroquel . (T-306).

The Court finds that the evidence of record fails to show that the Claimant consistently complained of side effects from his medications. The Regulations state that the burden is on the claimant to prove the severity of his impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). It is up to the Claimant to ensure that the Commissioner gets enough information to make a qualified decision in his case. Therefore, the ALJ was under no obligation to include Claimant's alleged side effects in his determination of their possible effect on his residual functional capacity.

Furthermore, the ALJ's findings establish that he considered Claimant's subjective allegations of pain and other symptoms he experienced. The Regulations state, at 20 C.F.R. § 416.929(a),  that:

> . . . statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical

> impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The ALJ specifically mentioned the other factors which were relevant to the evaluation of Claimant's symptoms included the "... type, dosage, effectiveness and adverse side-effects of any pain medication . . ." (T-23). Following his analysis of Claimant's allegations of pain, the ALJ determined that he was not fully credible. For the foregoing reasons, therefore, no error is found as to Claimant's contention that the ALJ committed reversible error in failing to address his subjective complaints of the side effects of his medication on remand by the Appeals Council.

**IV. Did the ALJ improperly evaluate the combined effect of all of Claimant's impairments?**

Claimant lastly argues that the ALJ erred in failing to properly evaluate the effect of all of his impairments in combination. (R-8, p. 5). He contends that the ALJ failed to make specific and well-articulated findings regarding the degree of limitation produced by his impairments, both individually and in combination with each other. *Id.*

The Eleventh Circuit has repeatedly held that the Commissioner is required to consider all impairments and their effects when determining disability claims. *See, Davis v. Shalala* 985 F.2d 528, (11th Cir. 1993); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The Regulations state that if, at step two of the five step process of determining

disability, it is found that a medically severe combination of impairments exists, the combined impact of the impairments will be considered throughout the disability determination process. *See* 20 C.F.R. § 416.923. In this case, the ALJ found that the Claimant had impairments which are considered severe for purposes of 20 C.F.R. § 404.1520(b). Therefore, pursuant to 20 C.F.R. § 416.923, he was required to consider each of the impairments in combination to determine their impact on the Claimant at all later stages in his determination. There is no requirement that he discuss the impairments ad nauseam in combination, however, merely that he consider them. The Eleventh Circuit has held that an ALJ's statement that he considered the combined effects of the Claimant's impairments was enough to prove that he did, in fact, do so. *Wheeler v. Heckler*, 784 F.2d 1073, 1077 (11th Cir. 1986); *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). In this case, the ALJ's opinion provides a thorough and detailed discussion of Claimant's medical history of record, testimony, and record as a whole.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant

to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this 3rd day of September, 2008.

S/ G. MALLON FAIRCLOTH<br>
UNITED STATES MAGISTRATE JUDGE

eSw